(63 South. 903.)

No. 19,732.

IATT LUMBER CO., Limited, v. HART-
BEHRENS LUMBER CO., Limited,
et al. (YOUNG, Intervener).

(Dec. 15, 1913.)

*(Syllabus by the Court.)*

PUBLIC LANDS (§, 117*)—PATENT TITLE.

Where lands were patented by the United States to the New Orleans Pacific Railway in the year 1889, and passed by mesne conveyances from said railway to the plaintiff, a bona fide purchaser, and the government has never questioned the validity of the patent, *held*, that the title of the plaintiff is prima facie valid as against a purchaser of alleged settlers' claims, where it appears that an application of said purchaser to homestead the lands has been rejected by a final decision of the United States Land Office, on the ground of conflict with the approved selection made by the railway.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 324; Dec. Dig. § 117.*]

Monroe, J., dissenting.

Appeal from Thirteenth Judicial District Court, Parish of Grant; W. F. Blackman, Judge.

Action by the Iatt Lumber Company, Limited, against the Hartbehrens Lumber Company, Limited, and others. Thad W. Young intervenes. From a judgment for plaintiff, defendants and intervener appeal. Affirmed.

Julius T. Long, of Winnfield, for appellants. J. A. Williams and W. C. & J. B. Roberts, of Colfax, for appellee.

LAND, J. Plaintiff in his petition claimed the ownership of all the pine timber upon the N. E. ¼ and the N. E. ¼ of the S. E. ¼, section 11, township 8, range 2 west under the following chain of title:

1. United States, by patent, to the New Orleans Pacific Railway.

2. New Orleans Pacific Railway to Geo. S. Clay.

3. Geo. S. Clay to John F. Dillon.

4. John F. Dillon to Wm. Edenborn.

5. William Edenborn to Iatt Lumber Company.

The plaintiffs alleged that the defendants were wrongfully cutting said timber, and obtained an injunction and sequestration in the premises.

The defendant W. A. Owens, in his answer, claimed that he was the conditional owner of 160 acres of the lands on which the timber in dispute stands by a chain of title derived from E. S. Gray, B. E. Creed, and

M. H. Nugent, former settlers thereon; and that the land in dispute was excepted from the grant to the New Orleans Pacific Railway.

There was judgment for the plaintiff, and the defendants appealed. Appellee has filed an answer to the appeal, praying that the judgment below be amended so as to decree that plaintiffs' right and title to the timber was confirmed by Acts of Congress of March 3, 1887, and of March 2, 1896.

On August 8, 1889, the lands in dispute were patented by the United States to the New Orleans Pacific Railway; and on October 1, 1891, said railway sold said lands to George S. Clay, who, on October 8, 1891, sold to John F. Dillon, who on September 8, 1899, sold to William Edenborn, who on January 9, 1906, sold to the plaintiff all the merchantable pine timber on said lands and other tracts for the price of $180,500.

This suit was instituted on June 16, 1911. The record does not disclose that any person, prior to that date, had ever filed an application in the proper United States Land Office for a homestead or other entry of the lands in controversy.

It appears from the record that on October 3, 1911, the defendant William A. Owens made application to the United States Land Office for a homestead entry of the lands in dispute; that his application was rejected on the same day as conflicting with the approved selection of the New Orleans Pacific Railway Company; that he was notified of the rejection on October 31, 1911, and did not appeal from the decision.

The defendant Owens offered in evidence a quitclaim deed to him of the premises from one J. A. Pruett, by private act, which was not filed for record until June 19, 1911; and also a quitclaim deed to Pruett of the premises from one Mrs. Sarah Gray, by private act of date April 1, 1911, and acknowledged before a notary on the same day. It does not appear that Mrs. Gray had a title of any kind to the lands in dispute. The record shows that Mrs. Gray, then Sarah Ann Sanford, widow, in the year 1895, homesteaded 160 acres of land in another section; and that she has never lived on the land in controversy.

The first settler seems to have been E. S. Gray, who subsequently married the widow Sanford. His improvements were transferred to another person, and passed from settler to settler, and finally reverted to Gray about the year 1893. The evidence shows that the settlement was abandoned for some ten or twelve years prior to 1911. It is evident that the defendant Owens in that year secured a paper title merely for the purpose of exploiting the timber on the land. Moreover, the United States Land Department has decided that Owens has no right to enter the lands as a homestead. This ruling has become final, and, whether right or wrong, concludes Owens.

Defendants appealed, but have made no appearance in this court.

It suffices for the purpose of this case to hold that the plaintiffs have a prima facie title, as against the defendants, mere trespassers on the lands in controversy, and without interest to champion the claims of the government.

Judgment affirmed.

MONROE, J., dissents.